The case of the morning is 410-0194 Walsh v. Tarr for the appellant, Mr. Kirshner, and for the appellee, Mr. de Thon. You may proceed. Please support, counsel. We're here today with respect to an interlocutory appeal permitted by this court on questions certified by Judge de Thon and the presiding judge in Champaign County. Those certified questions relate to actions taken by the Champaign County Sheriff's Merit Commission with respect to my client, Sergeant Tarr. The Merit Commission, on July 14th of last year, entered an order dismissing a complaint that had been filed by the sheriff seeking Sergeant Tarr's discharge from her employment in the sheriff's department. After a number of proceedings were held, including arguments on a motion to reinstate Sergeant Tarr, which we filed and which is reflected in the supporting record at pages 25-28, there were arguments held between counsel, there was deliberations by the Merit Commission board members, they took it under advisement, they had advice of their own counsel, who was representing them throughout the course of the proceedings, and when the commission reconvened and resumed, further arguments were held on our motion to reinstate her for various procedural and other infirmities, which we set forth at length in that motion to reinstate, which again I indicated is at 25-28 of the volume 1 of the supporting record, and the commission voted to reinstate her by dismissing the charges that had been filed by the sheriff. The effect was the reinstatement and that was subsumed within the colloquy that had occurred between counsel during these proceedings and with the commission members present, and was confirmed by the commission's own counsel during the course of those proceedings, the order itself is an order of dismissal. The position at the time and during the course of the proceedings and on which the commission acted was that if they dismissed the complaint against my client, the effect of that would be her reinstatement to her position, which is what was prayed for in the motion. The reason that comes about is because under the law, which I don't believe to be in dispute, is the fact that the sheriff can seek, through the filing of a complaint, a dismissal of one of his employees, but cannot effectuate that dismissal without the consent of the commission. Now there's a collective bargaining agreement in place, and that's referenced throughout the briefs and in the rules and in the supporting record as well, and that collective bargaining agreement permitted, but did not require, my client to opt for an arbitration proceeding. She did not choose to take these charges before the Sheriff's Merit Commission, which is the statutorily created body, created specifically for this purpose of adjudicating and determining whether a complaint seeking a discharge of a deputy such as Sergeant Tarr can in fact occur. The proceedings before the circuit court were in the nature of administrative review, and the circuit court certified to this court the question of whether the order of the commission dismissing the complaint was void ab initio as a result of the commission lacking the authority and therefore acting in excess of its authority to dismiss the complaint without conducting an evidentiary hearing. The record reflects, and the briefs address this, that during the course of the proceedings, and in particular the arguments on the motion to reinstate, there were certain items which either counsel agreed or the commission found would require some evidence before the commission could make a determination on any disputed factual type issues. There were other issues which did not require testimonial evidence, but which were fully argued before the commission, not just on one occasion, but on two separate occasions with an intervening deliberation period during which they had suggested on the record that they would receive and consider advice of their own counsel with respect to the procedures to be employed. So when the commission acts and enters the order dismissing the complaint, there's an action filed on behalf of the sheriff for administrative review alleging, as counsel, Mr. DeThorne, did before the commission, so he's well preserved this issue. He's raised it every opportunity it could be raised, I think. That the action of the commission, both prior to and subsequent to its so acting, is void ab initio because the commission has acted in excess of any of its authority to dismiss the complaint or act upon and adjudicate the complaint without hearing testimonial evidence. That is the root of the dispute. It is our position, and we have argued this in the brief, and I think the case law which we've cited supports it, and I'll address that briefly. We've argued that that's simply incorrect because the commission is charged with the statutory responsibility of adjudicating and resolving that complaint. The manner in which it resolved must be attendant to the nature of the dispute before it. So if the complaint, for example, hypothetically simply alleged that my client should be discharged because she didn't pick her child up from school on time, what evidentiary hearing would be required? Even if she disputed, even if she disputed whether she had picked her child up from school on time. There is no rule, and it is the rules which are at issue ultimately in that complaint seeking her discharge. There is no rule which requires her as a deputy sheriff, a correctional officer, an employee of the sheriff's department, to pick her child up from school on time. That would be more like a dismissal for failure to state a cause of action. It would be because you couldn't point to the rule. Or, for example, in this case, and this is set forth again in our complaint and was also set forth in the arguments before the commission and in fact argued, we had argued that the complaint seeking her discharge was not filed within a reasonable time. There is no dispute and nothing to hear evidence on as to whether or not the allegation made by the sheriff with respect to turning in what the sheriff claims is a fictitious claim of being ill, a medical excuse for one day. There is no dispute that that allegedly occurred November 10th of 2008. There is no dispute that the sheriff filed his complaint March 18th of 2008. We allege and argue that that was not filed within a reasonable time as required by the rules. There's no evidence which is required to establish the alleged date that's in the complaint. There's no evidence which is required to establish the date on which he filed his complaint seeking her discharge. That's established in the record before the commission. 128 days is not a reasonable period of time. But the specific underlying factual issues were not argued before the circuit court and were not part of the certified questions on interlocutory appeal to this court in the sense that there has never been a claim that the commission's findings or actions or decision was erroneous, that it was contrary to the evidence presented to it, or it was contrary to applicable law in discharging its responsibilities to adjudicate and determine and act upon the complaint. The only issue that has been advanced is that it is void, the order is void ad initio because they acted in excess of their authority by not conducting a hearing, obtaining testimonial evidence, evidentiary materials, but simply acted on a motion supported by argument and submissions, deliberation, subsequent argument, and an order. And it's our contention that the certified question as to whether or not that action is void ad initio has to be answered in the negative. It's not void. Whether or not it was erroneous for one or more reasons wasn't the question presented, wasn't the argument made in the commission, and wasn't the argument made before the circuit court. In SCA Services versus the Illinois Pollution Control Court, which is one of the cases that we cited, the court considered whether the board could dismiss an appeal from an action taken by the EPA where the act provided for a hearing to be held before the board to contest the decision of the agency. The argument was similar, almost synonymous with the argument made here today and in the briefs file, and that is that the action of the Pollution Control Board in dismissing that appeal without conducting a hearing was invalid and void. The court affirmed in SCA Services that dismissal, stating amongst other things that the contention that a hearing was required and that a dismissal without such a hearing violated due process was simply unsupported in the law. There was nothing in the statute, nothing in the statute, which authorized them to dismiss without a hearing that appeal. That's similar to the situation in Kurtz, or Kutz versus the Mayor Commission, where the appellate court affirmed the dismissal of an appeal that was taken from a sanction imposed of 29 days when the statutory provisions permitted an appeal to be taken if there was a suspension of 30 days or more. And so the board dismissed the appeal, didn't hear evidence, didn't take testimony, but dismissed the appeal in exercise of its authority to adjudicate that complaint. And that was affirmed. That's what we're saying here. The adjudication of this complaint seeking her discharge followed a form of procedure that had been initially, at the very first meeting, agreed upon. There was agreements with respect to discovery, what would be provided, the time frame within which would be provided. There was an agreement that the hearings would be bifurcated in the sense that there would be initial proceedings relating to whether or not the grounds existed for her discharge. And then if that was sustained, there would be a separate proceeding relating to what the appropriate sanction would be because the Mayor Commission, even if it were to find in favor of the Sheriff, didn't have to dismiss my client. There's a range of sanctions under the rules and the statute that the Mayor Commission can impose. So we bifurcated this proceeding. We had agreements with respect to that. We filed this motion to reinstate, asserting some things which would have required some evidence, some things which did not. There were some matters which were within the scope of the agency's knowledge, the board's knowledge, the commission's knowledge, in and of itself, such as the failure of the Sheriff to have provided the statutorily required reports. The Sheriff was required by statute to provide annual reports setting out information relating to members who had been discharged or sanctioned in some way, who had been reprimanded, because the Mayor Commission has to have that body of knowledge in adjudicating any specific sanction to be imposed. Some of those items, like that, like the failure to have adopted rules, like the failure to have voted on and have officers for the commission itself, those were all matters within the knowledge of the commission. The fact that my client had been without pay for a period greater than three days was, again, a matter which didn't require evidence, but which the rules clearly indicated that she could not be deprived of that without pay for more than three days, except under certain circumstances. The rules required, unless there was some good cause shown or delay attributed to the parties, that the hearings should be held within 30 days, and that's in the rules as well. There's a dispute about whether it's required. The clear reading, I think, suggests, and we've argued this, that if the rule requires that there be a showing to delay it beyond the 30 days or conduct by the parties which caused that to occur, clearly the import of that is that the hearings should be held within 30 days. It wasn't even scheduled within 30 days. That did not mean evidence to be adduced. So our position is consistent with SCA services, COOTS. There are two other cases that I think address that tangentially as well. The Buchanan case, Buchanan v. Lentz, the merit board dismissed an employer's request for review on the basis of untimeliness. We also have untimeliness claims here. There is no point in the merit commission being statutorily created and established to review efforts to discharge an employee and to not permit that commission to then act upon the complaint that comes before it. Another example in which there would be no need for an evidentiary hearing on the issue of whether the charges in the complaint have been established is if, for example, the sheriff sought a discharge of an individual because they had called in 10 times sick within a matter of 30 days. The employee is entitled to a hearing. The employee requests a hearing. They come in, and the employee in the answer, which was required by the rules, there was an answer required, which we did file. The employee says, yes, I called in 10 times, but I don't think I should be fired. I think I should be suspended. The merit commission doesn't need to be compelled or ordered to conduct some evidentiary hearing or to take testimony. Well, doesn't the sheriff have a right to appeal the decision of the commission? He does. He does, and he did. Isn't that what we're doing here? Because you have to admit this is kind of under a strange jurisdictional posture in front of the court right now. So, I guess, for sake of argument, suppose I agree with you that the order was not void ab initio. But maybe I disagree with you on whether the commission erred. For my hypo, I think maybe it did err. Doesn't the sheriff have a right to have that on appeal? And isn't that really what we're looking at here in spite of all the semantical arguments? Under this record, the answer would be no, and it would be no for this reason. When the sheriff filed his complaint for administrative review, which he was entitled to within the 35 days, which was required under the Act, the only allegations set forth in that complaint for administrative review, the prayer for relief filed on behalf of the sheriff by his counsel, and the arguments before the circuit court all pointed solely to the argument and the contention that the actions of the commission were void ab initio. There was never an argument that the commission's actions were erroneous because they needed, for example, to have evidence submitted on this issue or that issue, or that their findings and their discussion were contrary to the evidence or contrary to the arguments or the record before it. So if an administrative review action had been filed in which there was a contention that the order of the commission should be reversed and there should be a remand for further hearing and evidence because the commission's actions was erroneous in this regard and set those forth, in addition or alternatively that it was void ab initio and set forth those reasons, then I would fully agree with the court's suggestion that the action for administrative review would involve both of those issues. But what we had was an argument solely directed to, and pleading solely directed to, the question of whether the commission's order was void ab initio. The circuit court conducted administrative review on that issue, said without a great deal of reasoning being articulated, that the circuit judge felt they should have heard some evidence and remanded for taking of evidence, permitted our request for interlocutory appeal and certified the questions as being whether or not that decision was void ab initio, and the sheriff's brief filed with this court confirms that these two certified questions really merge into the initial question and the only real sole issue, and that is, is the action void? So I would respectfully suggest that if in fact, even if this court should believe that perhaps there should have been some further development of the record as to whether the commission's actions were erroneous in some respect, that the only issue before this court in the certified question is, is that action void ab initio? And so we would respectfully request that the court answer that question as to whether it's void ab initio in the negative, remand the matter to the circuit court for further proceedings and with that direction, then I think the circuit judge would have to act on that determination because this court has answered that certified question. May it please the court. Counsel. Your Honors, I'm here on behalf of Sheriff Dan Walsh. My name is David DeThorne. I am an assistant state's attorney for Champaign County. This matter is here because the sheriff learned that one of his corrections sergeants, a supervisor, had provided notes which were falsely made and provided with the intention of getting money that she would not otherwise have been entitled to. For that reason, he filed a complaint with the Merit Commission, which is required by law. He indeed cannot discharge her. Only the Merit Commission can do that. And he has, as of this date, contrary to numerous assertions to the contrary, not been able to have his complaint heard. And that's why we're here. I would like to make a few corrections that I think need to be made based on the record, noting, however, that the record is challenging to work through at best. Number one, the commission had rules. The record is clear that the commission had rules. And it is beyond me as I stand here to explain to you why the commission thinks that it did not have rules. It did. They're in the record. They were finally supplied after Mr. Kirchner asked me if there was anything that needed to be added to the record to make it complete. Those were glaringly missing. They existed then. Whether or not they were valid was never argued. Contrary to what has asserted and what one of the two commissioners voting to dismiss believe, the Merit Commission Act does not require standards, protocols, guidelines, or other criterion by which specified discipline may be imposed. It's not allowed to do that. I think Schenkel could be read, although, admittedly, that wasn't the issue it addressed directly, that they could create those. The motion to dismiss, which we're really not sure if we dealt with, the motion to reinstate, which evolved into a motion to dismiss on the date on which it was argued, at the suggestion of counsel for the Merit Commission, I think started as the motion to reinstate. It seems, based on the record, that that's what the commissioners were looking at. Only two voted to dismiss. Yes, that's all that's necessary to dismiss. But because they made no findings, because the court made no findings, the sheriff could not say this finding was erroneous. This was arbitrary. This was capricious. The record is so screwed up that the sheriff did not know how to approach it. He needs someone to give him the authority to discharge, to determine whether or not this employee merits discharge or continued employment. I think it's conceded, I'm sorry, let me go back for just a moment. I don't know if it's worth getting into, but if we were to go down the motion to reinstate, each one of those paragraphs could be addressed, and most of them require evidence, as was just conceded by Mr. Kircher, and was conceded beginning with the trial court argument. Some of my paragraphs, he says, actually do require factual determinations, but we don't know which ones they were. So the sheriff can't say this was an erroneous finding, because there was no finding. The sheriff right now is simply trying to do what he thinks the public requires him to do. I would also point on that note, to the extent the court, to the extent I hope they don't offend the court, from an academic, intellectual, objective perspective, it's my position, the sheriff's position, to have this case stand for the proposition that we think it stands for, and we don't back off at all from the conclusion that the merit commission did not have the authority claims. But because the record is so difficult to work through, any precedent that this court comes up with, which may or may not be published, is going to be based on a case where there were no findings made. All we know is it was a motion to dismiss. Was it a 615? Was it a 619? Was it dismissed on its face, which some of these cases refer to were actually dismissed based on the complaint. There's no argument, and there hasn't been, and there couldn't be, that the commission actually ever had a hearing on the complaint. They had a hearing about a motion for discovery, they had a hearing about a motion to bar efforts to detain, they had a motion to reinstate. The last day we were there, the merit commission decided to do a hearing on a motion to dismiss. So it's not as if Sergeant Harris had numerous opportunities to defend herself, to this point, extremely effectively. So the point is, does the authority exist for the merit commission to do this? And as an initial matter, it's difficult to address that because we don't know what authority they were claiming. Is it on its face? Is it a jurisdictional issue? Is it we don't feel like working? The basis for the rationale for the dismissal is not clear. To the extent that this court deems it appropriate to figure out what the merit commission was doing, you have to look at the argument of only two of the commissioners. Again, the commission acts as a body. Two of the commissioners voted to dismiss. Commissioner Schwartz says a number of times, we don't know what we're missing. We don't know what we're missing. She also makes more references to getting taken up on appeal then. Actually, she's the only one that makes numerous references to that. So it appears that there is no finding that the rules didn't exist. Effectively, there are three potential arguments as to why the merit commission might have done this. No rules, which they had. And if the argument is that they weren't appropriate rules, well, that was never addressed. The next one is that they didn't elect officers. There's no argument that there was any prejudice, which is required by law, as stated in my brief. We've not talked about the prejudice in Sargentar. It's never been argued. It hasn't been briefed. It hasn't been discussed, which is yet another reason I urge this court to tread lightly and not go much further than remanding the case back for hearing so my client can achieve his goal. And Sargentar can get her day in court and determine whether or not she should be back fully employed. The third issue is we didn't have the records. We didn't have the personnel actions that the statute requires the sheriff to apply to us. I believe that's correct. But it's worth noting as a practical matter, as a legal matter, you have to argue prejudice. What is the prejudice? In this case, we've got a bifurcated case. Sargentar is represented by a very effective attorney. If there's an argument that this person got X so my client should get X, then that's going to happen at the second of the two phases that we've agreed to have. We haven't even made it through the first phase. It's also worth noting that on July 13th, the chairman says, I have all of these records. So the commission had them. They are there to be reviewed in the case something like this happens. Furthermore, in the case the argument is unequal treatment, I need to look at those records, the commission hasn't done anything in 17 years. So to the extent they want to compare apples to apples, they've only got one, and it's this. There's no prejudice there, Your Honor. The authority doesn't exist. It doesn't exist statutorily. It's stated in the brief. So then we have to find how is it necessary for the merit commission to do its job. How is it necessary they have this power to dismiss? And I would submit it's not. I did find one case since the last time I put anything together for this court. It's Citizens Against Randolph Landfill. It's a Fourth Circuit decision that came soon after cuts, and it actually helped clarify cuts, a case I struggled with. The court has jurisdiction to determine it has no jurisdiction. Well, that's actually what Citizens Against Randolph Landfill states, and for obvious purposes. To the extent somebody brings something to an administrative body over which it doesn't have jurisdiction, it has jurisdiction to enter an order dismissing the case for that limited purpose so the party who was affected, or any of the parties, can then take that up on appeal with the circuit court. My client doesn't have that. And every one of the cases, I believe, supports the conclusion that the merit commission has very limited powers. And in those cases where they were dismissed, they were dismissed for lack of jurisdiction. 29 days, you can't do because the commission is only empowered to hear suspensions if 30 days are over. So they didn't have any choice in that case. That was the cuts case. You want to look at the Buchanan v. Lenz case. That's a 15 days. You have 15 days to file the complaint. And although the court did not approach this in a jurisdictional point, I think it's worth considering how it would have worked out. In that case, it was dismissed because 17 months had passed. I would argue that they didn't have jurisdiction there anyway. But the case was argued the other way, saying it wasn't arbitrary for them to do that. In SCA services, one notable glaring fact, which was decisive in the court's decision in that case, was there was a court order that had already enjoined the plaintiff, the applicant, for doing what they were trying to get the Pollution Control Board to do. The Pollution Control Board was aware of this injunction, said we're not going to have a hearing on this issue over which we have no effect. That's probably the best argument he's got. Because every other one, the statute of the law said you can't do this. City of Des Plaines was cited. City of Des Plaines, in that case, the statute said you had to conduct a hearing on any complaints which were not frivolous. That means they had to make a determination whether or not it was frivolous. They determined it was. They had no jurisdiction. They had to kick it out. To be honest, I stand the danger of repeating myself and hope that I don't walk out of here kicking myself. One of the challenges that the sheriff has had throughout this is we're really not sure what it is we're responding to. The only choice that the sheriff had was to say they didn't have the authority to do this because we can't attack any specific finding. There was no finding. So what we have here is an absurdity. The commission exists to ensure that individuals subject to its jurisdiction are performing in conformance with... They're performing meritoriously. And they've never got to do that. They've never got to ask that question. So the question that can't be answered, the question that I cannot answer, my client cannot answer, and which I suppose this court is being asked to answer by the commission is why do they need this authority to dismiss for reasons which are not apparent in order to achieve the goal of determining whether or not Sergeant Tarr's service was meritorious? The answer to that question is clearly no. To the extent that it suggested that the sheriff has to come up with legal authority saying this didn't exist, this court is very well aware that it's impossible to prove a negative. Besides the fact that there is no authority, in our minds, it suggests that there is no such authority. For those reasons, Your Honors, I would ask that the court remand this case back to the Merit Commission for proceedings on the complaint. Thank you. Thank you. Reball? Three brief points. The portion of the briefs that I was looking for to more fully respond to an inquiry that was made about the scope of this review and the scope of the Complaint for Administrative Review before this Court is at page 19 of our initial brief. On that page, we set out the Complaint for Administrative Review, the language in the Complaint for Administrative Review, the references to the record which support it, and the only relief requested in that Complaint for Administrative Review was that the Court find that the Commission lacked the legal authority to issue such an order ad initio. The complaint concluded with a prayer for relief, asking that the Court determine the action void for lack of legal authority to enter such an order. In the hearing on the Complaint for Administrative Review, a memorandum of law was filed, which again, both there and in argument, reflected the only issue before the Court on Administrative Review was whether the order was void ad initio, and that's documented at page 19 of the brief. At page 60 in the Supporting Record, Volume 1, begins a discussion between Counsel, the Commission, the Commission's lawyer, and Counsel for Sheriff Walsh, paragraph by paragraph, of the motion seeking her reinstatement and the reasons why that motion should be conducted without the need to conduct further extensive evidentiary hearings. The comment by Counsel a moment ago that the Sheriff couldn't attack the actions or the findings, I think was the term which was used, by the Mayor Commission because there were no explicit findings in its order may have been an argument asking on Administrative Review, asking the Circuit Court to remand the matter for further proceedings, which under the Administrative Review Act, the Circuit Court can do. Remand for further proceedings and determinations and evidence, that was not requested. It was not part of the complaint for Administrative Review, and it's not an appropriate argument to make now at this juncture, both because it was not raised in the complaint for Administrative Review, and it was not raised in the appellate briefs with respect to this issue, which is whether it's void ad initio. The request that this Court remand to the Commission, I think, would be an inappropriate relief to grant, even if you were to agree with the Sheriff's position, because the matter should be that questions should be answered, the matter should be remanded to the Circuit Court for further proceedings, and then the Circuit Court would be the body to effectuate that remand order to the Mayor Commission if that should occur. So for all of those reasons, we would ask that the Court answer the certified question in the negative. It is not void ad initio. That's the only issue before the Court, the only issue certified. The Commission had the authority to adjudicate the complaint in a fashion which addressed the issues, and if those non-evidentiary issues were dispositive, there was no point in delaying things further with further evidentiary hearings on matters which would not be dispositive, given the dispositive nature of the non-evidentiary matter. Mr. Kirshner, just not in response to your arguments or anything, but you recall that there was a little problem at the beginning of this appeal because we were missing a Certificate of Service on your Certificate of Mailing. I don't remember that. And I think somebody from the Court's Office called and said, where's the Certificate of Service? And you got one up and faxed it over, and just a caution to be a little bit more careful in the future that we have that, especially when you, like I used to do, got to the mailbox at 7 o'clock at night as opposed to 3 o'clock in the afternoon. Thank you.